UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD A. SCOTT | CIVIL ACTION NO. 02-2353 |
| VERSUS | U.S. DISTRICT JUDGE ROBERT G. JAMES |
| CSR HYDRO CONDUIT | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**O R D E R**

Before the court is a motion for appointment of counsel filed by plaintiff. [Doc. #19].

Plaintiff seeks appointment of counsel in connection with this Title VII employment discrimination suit under the provisions of 42 U.S.C. §2000e-5(f)(1). This provision states:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A Title VII plaintiff has no absolute right to an appointed counsel. Salmon Corpus Christi I.S.D., 911 F.2d 1165, 1166 (5th Cir. 1990). The decision of whether to provide counsel lies solely within the discretion of the court. Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990), *citing* Caston v. Sears, Roebuck & Co., 556 F.2d 1305 (5th Cir. 1977). The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. Id. at 1309-10. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her

own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. *See also* Neal v. IAM Local Lodge 2386, 722 F.2d 247, 250 (5th Cir. 1984).

The plaintiff has documented some efforts to obtain counsel on his own. However, plaintiff's efforts to obtain counsel fall short of what is required. Plaintiff has contacted five attorneys, but one in the last eighteen months. In addition, although plaintiff's suit was filed in November 2002, plaintiff has made no showing as to the merits of his case. Further, the employment discrimination laws provide for the payment of attorney fees upon successful completion of the case, yet these attorneys have chosen not to represent plaintiff on the merits.

Accordingly, plaintiff's motion for appointment of counsel [Doc. #19] is DENIED.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 30th day of June 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE