RECEIVED

JUL 1 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| RICHARD A. SCOTT | CIVIL ACTION NO. 02-2353 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CSR HYDRO CONDUIT | MAG. JUDGE JAMES D. KIRK |

RULING

This case arises from Plaintiff Richard A. Scott's allegations of race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), against his former employer, Defendant CSR Hydro Conduit.[1] On May 13, 2005, Defendant filed a Motion for Summary Judgment [Doc. No. 17] seeking dismissal of all Plaintiff's claims. Defendant, who is *pro se*, has filed no response. For the following reasons, Defendant's Motion for Summary Judgment is GRANTED.

I. FACTS

On May 16, 2001, Defendant hired Plaintiff through the Rapides Parish Sheriff's Department Work Release Program. Plaintiff was hired as a general laborer in Defendant's Alexandria, Louisiana, facility.

On August 20, 2001, Defendant terminated Plaintiff. The personnel form stated that he was terminated for "unsafe acts on a forklift and poor workmanship."

On July 14, 2002, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant discriminated against him and harassed

---

[1]Plaintiff cited only to Title VII and did not assert any discrimination claims under state law.

him on the basis of his race and terminated him in retaliation for complaining about unequal terms and conditions of employment.

On August 13, 2002, the EEOC issued a Dismissal and Notice of Rights, which stated that "[w]e cannot investigate your charge because it was not filed in the time period required by law."

Despite this notice, Plaintiff filed suit in this Court on November 13, 2002.

Defendant now moves for summary judgment on the basis that Plaintiff failed to file a Charge of Discrimination with the EEOC within 300 days of the last day of alleged discrimination.

## II. LAW AND ANALYSIS

### A. Motions For Summary Judgment

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir.1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* The moving party cannot satisfy its initial burden simply by setting forth conclusory statements that the nonmoving party has no evidence to prove its case. *Ashe v. Corley*, 992 F.2d 540, 543 (5th Cir. 1993).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving

party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

In this case, Defendant's Motion for Summary Judgment is unopposed. A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose it violates a local rule. *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). However, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise matter in which the evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). When a nonmovant fails to provide a response identifying the disputed issues of fact, the Court may accept the movant's description of the undisputed facts as prima facie evidence of its entitlement to judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 173-74 (5th Cir. 1999); *NorDar Holdings, Inc. v. W. Sec. (USA) Ltd.*, No. 3:96-CV-0427-H, 1996 WL 39019, *2 (N.D. Tex. Dec. 18, 1996).

**B.   Title VII**

Title VII sets forth certain deadlines and procedures for bringing a discrimination lawsuit. Because Louisiana is a deferral state, a claimant must file a charge of discrimination with the EEOC or with a state or local agency with authority to grant or seek relief within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Although filing of an EEOC charge is not

a jurisdictional prerequisite, it "is a precondition to filing suit in district court." *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). The timeliness of the charge is a requirement subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003). However, the Supreme Court and the Fifth Circuit have advised that the equitable doctrines of tolling and estoppel are to be applied sparingly. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir.2002) (Quoting *Zipes*, 455 U.S. at 393, and *Nat'l RR Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)).

In this case, the only evidence before the Court shows that Plaintiff's last day of employment and the last possible day an act of discrimination could have occurred was August 20, 2001. Plaintiff did not file a Charge of Discrimination with the EEOC until 329 days later on July 14, 2002. Therefore, his charge was untimely filed.

Further, while the deadline for filing an EEOC charge is subject to waiver, estoppel, and equitable tolling, it is Plaintiff's burden to demonstrate a factual basis to justify tolling of the limitation period. *See Hood v. Sears, Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir.1999); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992); *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir.1988). Plaintiff has presented the Court with no evidence to support application of these equitable doctrines.

The Court finds that Plaintiff failed to file an EEOC charge timely and has thus failed to meet a precondition to suit under Title VII.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment [Doc. No. 17] is

GRANTED.

MONROE, LOUISIANA, this \_\_15\_\_ day of \_\_July_____, 2005.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE