RECEIVED

JUL 2 0 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **RICHARD A. SCOTT** | **CIVIL ACTION NO. 02-2353** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CSR HYDRO CONDUIT** | **MAG. JUDGE JAMES D. KIRK** |

### SUPPLEMENTAL RULING

On July 15, 2005, this Court issued a Ruling and Judgment [Docs. No. 22 & 23] dismissing Plaintiff's claims against Defendant with prejudice. Following dismissal of this case, the Court determined that, contrary to statements in its Ruling, Plaintiff had filed a memorandum in opposition to Defendant's Motion for Summary Judgment on June 28, 2005.[1] While that opposition memorandum was clearly untimely, the Court will consider it in light of Plaintiff's pro se status. Accordingly, any reference in the Court's July 15, 2005 Ruling to Plaintiff's lack of opposition is hereby VACATED AND WITHDRAWN.

Since the Court's Ruling, Defendant has requested and this Court has granted leave to file a reply memorandum.

Having now reviewed Plaintiff's opposition memorandum and Defendant's reply memorandum, the Court has determined that Plaintiff's case was properly dismissed with prejudice. The Court issues this Supplemental Ruling and Judgment in order to clarify the record.

---

[1] According to Defendant, the opposition memorandum was not mailed to Defendant's counsel until July 11, 2005, and not received by counsel until July 14, 2005, 1 ½ months after it was due. Given the outcome in this case, the Court will not take action against Plaintiff, but he is reminded that, should he file any future lawsuits, he is required to comply with the Federal Rules of Civil Procedure and the Court's orders, whether or not he is represented by counsel.

Plaintiff contends that his Charge of Discrimination was timely filed because he called the EEOC on June 14, 2002, 298 days after he was terminated. However, as Defendant points out, Plaintiff has submitted no competent summary judgment evidence to support his argument. Further, even if Plaintiff spoke with the EEOC by telephone on June 14, 2002, he has offered no evidence that he submitted a charge "in writing" within 300 days. *See* 42 U.S.C. § 2000e-5(b) ("Charges shall be in writing and under oath or affirmation and contain such information and be in such form as the Commission requires."); 29 C.F.R. § 1601.12(b) ("a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of").

While the Supreme Court has allowed a verified charged filed after the 300-day period to relate back to an initial written complaint received by the EEOC within the 300-day period, the relation back was to a writing, not a telephone call. *Edelman v. Lynchburg College*, 535 U.S. 106, 119-20 (2002). Courts have held that an oral complaint made to the EEOC does not constitute the filing of a valid Charge of Discrimination. *See, e.g., Vela v. Village of Sauk Village*, 218 F.3d 661, 665 (7th Cir. 2000) ("No case suggests that an oral statement to an agency representative is adequate, and notice of such a statement cannot reasonably be expected to reach an employer."). This Court agrees.

Finally, to the extent that Plaintiff contends that he is entitled to equitable tolling of the 300-day period, the Court finds that his lack of knowledge of the procedural requirements is not a basis for tolling. *See Barrow v. New Orleans S.S. Ass'n.*, 932 F.2d 473 (5th Cir. 1991) ("[L]ack of knowledge of applicable filing deadlines is not a basis for tolling . . . Neither is a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period.

. . . Finally, . . ignorance of legal rights does not toll a statute of limitations.") (citations and internal quotation marks omitted).

For the reasons stated in this Court's July 15, 2005 Ruling and herein, Defendant's Motion for Summary Judgment [Doc. No. 17] is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this __20__ day of __July__, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE